# UNITED STATES DISTRICT COURT EASTERN OF TEXAS
# LUFKIN DIVISION

JADARIAN TAYLOR

**Plaintiff**

VS

**TODD ZENGERLE AND SAN AUGUSTINE COUNTY, TEXAS**

**Defendants**

CIVIL CASE NO.:

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983

**DEMAND FOR JURY TRIAL**

PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, JADARIAN TAYLOR, Plaintiff (herein Taylor)complaining of Defendant, TODD ZENGERLE (herein Zengerle), individually and in his official capacity as a Deputy Sheriff with the San Augustine County Sheriff Department, and for cause would show the Honorable Court as follow:

## I. NATURE OF THE ACTION

1. This is an action brought by the Plaintiffs against Todd Zengerle for his use of excessive force against Jadarian Taylor under the color of law in violation of Taylor's individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges that San Augustine County, Texas ( herein S.A.County") and its policymaker, Sheriff Robert Cartwright (herein Cartwright), delegated with the final authority for setting policies, including training of the San Augustine County Sheriff deputies, County Judge Jeff Boyd (herein Boyd) and the San Augustine

County Commissioners (collectively referred herein as the Policymakers), had a duty, but failed to properly train, supervise, screen, discipline, implement and/or enforce policies, practices and procedures for the San Augustine County Sheriffs Department (SASD) that respected Taylor's constitutional rights to protection. San Augustine County and its Policymakers, specifically Judge Boyd along with Sheriff Cartwright and the San Augustine County Commissioners, failure to implement the necessary policies and the implementation of unconstitutional policies caused Taylor unwarranted and excruciating physical pain and suffering and mental anguish due to a Taser attack by Defendant Zengerle. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages.

## II. PARTIES

3. Plaintiff Jadarian Taylor is a citizen of the United States and a resident of San Augustine County, Texas.

4. Defendant Todd Zengerle, upon information and belief, is a resident of San Augustine, Texas, and at all times material herein was a deputy sheriff for the San Augustine Sheriff Department.   Defendant Zengerle may be served with citation at the San Augustine Sheriff's Department, 219 N. Harrison, San Augustine, Texas 75972 or wherever he is found.

5. Defendant San Augustine County is a governing body located in San Augustine, Texas. San Augustine County funds and operates the SASD, and Jeff Boyd, as County Judge served as the County's chief administrator.  Defendant Jeff Boyd may be served with Summon at the San Augustine Sheriff's Department, 219 N. Harrison, San Augustine, Texas 75972 or wherever he is found.

6. Sheriff Robert Cartwright was responsible for the implementation of the sheriff department's budget, training, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Sheriff Robert Cartwright is also responsible for preventive, investigative, enforcement services and assuring safety for all citizens of San Augustine County.  Defendant Robert Cartwright may be served with Summon  at the San Augustine Sheriff's Department, 219 N. Harrison, San Augustine, Texas 75972 or wherever he is found.

## III. JURISDICTION AND VENUE

7. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions.

8. Venue is proper in this court because the causes of action occurred within the Eastern District of Texas, Division.

## IV. FACTS

9. On or about May 11, 2023, Plaintiff was at his home located in San Augustine County Texas.

10. Plaintiff encountered on his property a member of the San Augustine Police Department (SAPD) who appeared to be engaged in the arrest of an individual.

11. Plaintiff at a distance of safety tendered a question to the SAPD Officer as to what  was going on, there on his property.

12. The SAPD Officer by statements made was aware that he was on Plaintiff's property.

13. The SAPD Officer in an agitated state demanded that Plaintiff leave the location to which Plaintiff did while still voicing concerns as to the activity taking

place on his property.

14. Defendant Zengerle arrived at the location at a point in time that Plaintiff was returning back to his house and at a point when Plaintiff's family member were watching the events unfold from a distance.

15. The SAPD Officer directed Defendant Zengerle to arrest Plaintiff who had not committed any illegal acts or actions which would dictate an arrest.

16. Defendant Zengerle who also was aware that Plaintiff resided at the location removed his Taser and place a laser targeting light upon Plaintiff who was walking back to his house.

17. Defendant Zengerle upon on the arrival of another officer engaged in a takedown of Plaintiff to hand cuff him while discharging his Taser in an indiscriminate manner against Plaintiff person

18. The acts and actions of Defendant Zengerle against Plaintiff were done in a manner by Defendant Zengerle as if Hand Cuffing was a process that dictated discharging 50,000 to 100,000 volts of electricity into a detainee body to aid in facilitating an arrest.

19. Plaintiff as a result Defendant's action suffered excruciating pain and injury to his neck.

20. Defendant Zengerle acts and actions of automatically merged the handcuffing of Plaintiff with a routine application of a Taser Charger to facilitate an arrest is :

a. A display of a lack a of training on the use of a Taser

b. A display of a custom accepted by Defendants which has been adopted by the parties by silence and or lack of training.

V. CAUSES OF ACTIONS:

A. COUNT I.  DEFENDANT TODD ZENGERLE DEPUTY

(Individually and in His Official Capacity Violation of 42 U.S.C.A. § 1983)

21. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs 1-20

22. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution

23. On or before May 11,2023 Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment  rights against unlawful and unreasonable  seizure, and use of excessive force  by police officers acting under the color of law.

24. Plaintiff would show that at all times material hereto, Defendants had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not trample on his constitutional rights.

25. Plaintiff would show that Defendants failed to act as a reasonable law enforcement  officer would have acted in the same or similar circumstances.

26. On May 11,2023, Defendants, without probable cause, assaulted, illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff' factual allegations.

27. At the time of the described wrongful acts by Defendants, Plaintiff was not engaged in any criminal activity to warrant his unreasonable seizure, assault, battery or unlawful treatment under the color of law made against him.

28. At the time of the wrongful acts by Defendants, Plaintiff was not displaying any unreasonable behavior to justify being forced onto the ground, assaulted with a Taser..

29. The unlawful assault and battery of Plaintiff by Defendants was the proximate cause of the damages suffered by Plaintiff.

30. By reason of the mentioned acts of Defendants, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

31. By reason of the mentioned acts of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff request payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

32. The mentioned acts of Defendants were willful, wanton, malicious and oppressive.

**B. COUNT II: FAILURE TO TRAIN BY SAN AUGUSTINE COUNTY AND SHERIFF ROBERT CARTWRIGHT** ( Violation of **42 U.S.C. § 1983)**

33. Plaintiff reallege and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs 1-32

34 Defendants were acting under color of law and acting pursuant to customs, practices and policies of the San Augustine Sheriff Department in regards to the use of excessive force and the wrongful detention of Plaintiff as authorized and/or ratified by the Policymakers specifically the County Commissioners and Sheriff of

San Augustine County . Plaintiff was deprived of rights and privileges secured to them by the Fourth Amendment to the United States Constitution and by other laws of the United States, by the County of San Augustine and Sheriff failing to provide proper training in the proper use of excessive force, investigatory techniques and wrongful detentions in violation 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

35. With respect to the claims made the basis of this lawsuit, the County of San Augustine and Sheriff failed to train adequately its employees regarding the proper use of Taser, excessive force and wrongful detentions. The failure to train its employees in a relevant respect reflects a deliberate indifference to the County of San Augustine and Sheriff to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

36 Defendant the County of San Augustine and Sheriff under the direction of the County Commissioners developed and maintained a policy of deficient training of its police force in the use of force, including the proper use of Taser, excessive force and wrongful detentions, of individuals. The County of San Augustine and Sheriff training is designed and implemented by Commissioners and Sheriff o to act in this regard.

37. Defendants, the County of San Augustine and Sheriff failure to provide adequate training to their deputies regarding the proper use of Taser, excessive force and wrongful detentions reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive force on citizens and the violations of Plaintiff constitutional rights a reasonable probability.

38. Plaintiff will show that Defendants actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the County of San Augustine and Sheriff knew or should have known but never provided the requisite and proper training. There have been similar incidents with other arrested citizen of San Augustine County , which have resulted in excessive force and in the use of a Taser weapon Perpetrated by the San Augustine County Sheriff Department.

**C. COUNT III: ASSAULT** (Defendants Todd Zengerle)

39. Plaintiff incorporate by reference paragraphs 1 through 38 as if fully set forth herein.

40. Defendant Zengerle on May 11, 2023 engaged in an unprovoked aggressive acts and action by forcibly utilizing his Taser and placing the Taser Prongs on Plaintiff back creating excruciating pain and leaving burn marks on Plaintiff 's body and injury to Plaintiff's neck.

41. Plaintiff demands damages in an amount to be determined at trial.

**VI. DAMAGES**

42. Plaintiff incorporate by reference paragraphs 1 through 41 as if fully set for herein. Defendants acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff:

   a. Actual damages;

   b. Pain and suffering;

   c. Mental anguish and emotional distress suffered by Plaintiff;

   d. Medical expenses;

   e. Pre- and post-judgment interest;

   f. Attorney's fees and costs of suit; and

g. Such other and further relief as this Honorable Court deems just and proper

## VII. COSTS AND ATTORNEY FEES

43. Plaintiff incorporate by reference paragraphs 1 through 42 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff request the Court to award costs and attorney's fees incurred in Plaintiff prosecution of this litigation.

## VIII. CONDITIONS PRECEDENT

44. Plaintiff reserve their rights to plead and prove the damages to which he is entitled to at the time of trial. All conditions to Plaintiff' recovery have been performed or have occurred.

## IX. TRIAL BY JURY DEMAND

45. Plaintiff have paid a jury fee and demand a trial by jury.

### PRAYER

THEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff have and recovers judgment from Defendants; actual damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show themselves justly entitled.

Respectfully Submitted
*William T. Hughey*
The Hughey Law Firm
TBN: 10245500
P.O. Box 2012
Marshall, Texas 75671
Phone: (903) 472-3719
Fax No: (866) 823-7185
Email: Hugheylaw@Sbcglobal.net